FILED
07/10/2017
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
April 26, 2017 Session

## DAWN BROWN v. MAURICE NUNLEY

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-000661-16     Jerry Stokes, Judge**

_____

### No. W2016-00646-COA-R3-CV

_____

This is an appeal from the entry of a six-month order of protection. Because the order of protection has already expired by its terms, we dismiss the appeal as moot.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Shantell Sharay Suttle, Memphis, Tennessee, for the appellant, Maurice Nunley.

Dawn Marie Brown, Memphis, Tennessee, *Pro se*.

### MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

This case originated in the general sessions criminal court of Shelby County. Dawn Marie Brown ("Petitioner") sought an order of protection against Maurice Nunley ("Defendant"). Although the court initially entered an ex parte order of protection, after a hearing, the general sessions court dismissed the order of protection and the petition upon finding that Petitioner failed to prove by a preponderance of the evidence the allegations in her petition. Petitioner appealed to circuit court. After a hearing in circuit court, the

_____

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

trial judge entered an order of protection against Respondent for a period of six months. By its terms, the order of protection would expire on September 10, 2016. Respondent timely filed a notice of appeal.

## II. ISSUE PRESENTED

The only issue raised by Respondent on appeal is whether the circuit court erred by entering an order of protection against him. Citing his version of the facts as opposed to Petitioner's, he asks this Court to reverse the decision of the circuit court and reinstate the decision of the general sessions court. Because the order of protection has already expired, we dismiss this appeal as moot.

## III. DISCUSSION

This Court faced the same situation, procedurally speaking, in *Winningham v. Strotter*, No. 03A01-9112-CV-00423, 1992 WL 94717, at *1 (Tenn. Ct. App. May 8, 1992). The respondent in that case appealed a judgment from circuit court that entered an order of protection against him. *Id.* Because the order of protection was only to remain in effect for 120 days, it had already expired by the time the appeal was considered. *Id.* We therefore concluded that the appeal was moot and dismissed it accordingly. *Id.* *See also Honeycutt ex rel Alexander H. v. Honeycutt*, No. M2015-00645-COA-R3-CV, 2016 WL 3662166, at *1 (Tenn. Ct. App. June 30, 2016) (*no perm. app. filed*) (involving an appeal from an expired order of protection that would have been moot but for an outstanding issue involving attorney's fees already incurred); *Bean v. Wilson Cty. Sch. Sys.*, 488 S.W.3d 782, 792 (Tenn. Ct. App. 2015) (concluding that issues presented regarding an ex parte restraining order that was no longer in force and effect were moot).

On June 1, 2017, this Court entered an order directing Respondent to show cause why this appeal should not be dismissed as moot. Because Respondent only seeks to challenge the order of protection that expired on September 10, 2016, and has not responded to our June 1, 2017 order, we hereby dismiss the appeal as moot.

## IV. CONCLUSION

For the aforementioned reasons, the appeal is dismissed. Costs of this appeal are taxed to the appellant, Maurice Nunley, and his surety, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE